UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEAK PROPERTY AND CASUALTY INSURANCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2049** |
| **SELVIN TIUL TOT et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Gino Loiarcono's ("Loiarcono") "Motion to Dismiss for Lack of Subject Matter Jurisdiction."[1] Loiarcono argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Peak Property and Casualty Insurance Co. ("Plaintiff") has failed to show that the amount in controversy exceeds $75,000.[2] Loiarcono alternatively argues that the Court should abstain from hearing this declaratory judgment action due to ongoing parallel litigation in state court.[3] Plaintiff opposes the motion and argues that those state court proceedings are not parallel to this action, the *Trejo* factors weigh against abstention, and the amount in controversy exceeds $75,000.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and dismisses the case without prejudice.

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 5-1 at 1.

[3] *Id*. at 5–6.

[4] Rec. Doc. 6.

1

## I. Background

This litigation arises out of a vehicle collision, which occurred on February 12, 2022.[5] Defendant Selvin Tiul Tot ("Tot") allegedly disregarded a red traffic signal while driving drunk, causing him to strike a vehicle driven by Defendant Edwin Patterson, which then struck Loiarcono's vehicle.[6] Loiarcono allegedly submitted a claim to Plaintiff, Tot's insurance company, who had issued a car insurance policy to Tot providing coverage of up to $50,000 per accident for bodily injury and $25,000 for property damage (the "Policy").[7] Plaintiff allegedly did not accept or deny the claim but only indicated to Loiarcono it was under investigation.[8]

On May 26, 2022, after Plaintiff had allegedly failed to provide a determination on Loiarcono's claim, Loiarcono filed a petition for damages against Tot and Plaintiff in the Civil District Court for the Parish of Orleans. (the "State Court Claim").[9] On July 5, 2022, Plaintiff filed the instant Declaratory Judgment Complaint seeking a determination that the Policy is void because Tot misrepresented his residence in his insurance application and so Plaintiff has no duty to defend or indemnify Tot.[10] On July 29, 2022, Loiarcono filed the instant "Motion to Dismiss

---

[5] Rec. Doc. 1 at 1.

[6] *Id.* at 4.

[7] *Id*. at 3–4.

[8] Rec. Doc. 5-1 at 2.

[9] Rec. Doc. 5-3.

[10] Rec. Doc. 1.

for Lack of Subject Matter Jurisdiction."[11] On August 16, 2022, Plaintiff opposed the motion.[12] On August 24, 2022, Loiarcono replied in further support of the motion.[13]

## II. Parties Arguments

### A. Loiarcono's Arguments in Support of Dismissal

In support of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), Loiarcono makes two arguments. First, Loiarcono argues that Plaintiff has failed to show that the amount in controversy exceeds $75,000.[14] Specifically, Loiarcono argues that, to determine if the amount in controversy requirement is met in this declaratory judgment action, the Court must look to the value of the underlying claims and the complaint in this case "does not allege sufficient information" to determine the value of the underlying controversy.[15] Loiarcono avers that, even if the property damages covered by the Policy reach the $25,000 limit, "the complaint and facts do not support a valuation of $50,000 for bodily injury claims, even including defense costs."[16] Loiarcono further contends that he is the only injured party to file suit against Tot, his bodily injury claims are significantly less than $25,000, and Plaintiff alleges no facts to bridge the gap to $75,000.[17] Thus, Loiarcono concludes that the instant motion should be granted.[18]

---

[11] Rec. Doc. 5.

[12] Rec. Doc. 6.

[13] Rec. Doc. 9.

[14] Rec. Doc. 5-1 at 5.

[15] *Id*.

[16] *Id*.

[17] *Id*.

[18] *Id*.

Second, Loiarcono argues in the alternative that Plaintiff's Declaratory Judgment Complaint should be dismissed pursuant to the Court's "discretion to grant or deny actions for declaratory judgment when there are parallel state proceedings and the plaintiff has pleaded only declaratory relief."[19] Loiarcono avers that *Wilton v. Seven Falls Company*[20] and *Brillhart v. Excess Insurance Company*[21] instruct courts to abstain from "cases in which insurance companies seek only federal declaratory relief from liability on their policies in pending state court proceedings."[22] Thus, Loiarcono concludes that, following the reasoning of *Brillhart*, the Court should abstain from deciding this matter because doing so would "preclude the state court from resolving all of the issues before it" in the previously filed State Court Claim.[23]

### B.   *Plaintiff's Arguments in Opposition to Dismissal*

In opposition, Plaintiff makes three arguments. First, Plaintiff argues that the amount in controversy requirement has been met.[24] Plaintiff avers that, because Tot was drunk at the time of the accident, "there is a great likelihood any verdict against Tot would include punitive damages."[25] Furthermore, Plaintiff contends that the amount in controversy requirement is met because Plaintiff seeks to void the entire policy in this declaratory judgment action and "the policy limits are controlling" in an action regarding "the validity of the entire contract between the

---

[19] *Id.* at 5–6 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281–82, 288 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–495 (1942)).

[20] *Wilton*, 515 U.S. 277.

[21] *Brillhart*, 316 U.S. 491.

[22] Rec. Doc. 5-1 at 6.

[23] *Id.* at 7.

[24] *See* Rec. Doc. 6 at 1–4.

[25] *Id.* at 1.

4

parties."[26] Plaintiff asserts that the policy limit here is $75,000.[27] Therefore, Plaintiff concludes that, because its potential defense costs, penalties, statutory damages, and punitive damages must be considered as well, the amount in controversy requirement is satisfied.[28]

Second, Plaintiff argues that the *Trejo* factors, developed by the Fifth Circuit in response to *Wilton* to determine whether a district court should exercise jurisdiction over a declaratory judgment action, weigh in favor of exercising jurisdiction.[29] Plaintiff argues that the first *Trejo* factor weighs in favor of the Court exercising jurisdiction because the instant matter and the State Court Claim are not parallel cases.[30] Specifically, Plaintiff asserts that the State Court Claim "involves issues of fact, fault, and causation," whereas the instant action "involves issues as to whether there is a duty to defend based on the validity of the insurance contract."[31] Thus, Plaintiff concludes that, because "[t]he state and federal proceeding[s] are not truly parallel . . ., the first *Trejo* factor weighs in favor of the Court exercising jurisdiction" over this action.[32]

Plaintiff concedes that the second *Trejo* factor weighs against the Court exercising jurisdiction over the declaratory judgment action because the State Court Claim was filed before the instant action.[33] However, Plaintiff argues that the third *Trejo* factor weighs in favor of the

---

[26] *Id*. at 2 (quoting *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).

[27] *Id*. at 3 (citing Rec. Doc. 1-2 at 1).

[28] *Id*. at 4–5 (citing *Hanover Ins. Co. v. Superior Lab Servs., Inc.*, 179 F.Supp.3d 656, 672 (E.D. La. 2016); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[29] *Id*. at 5–11.

[30] *Id*. at 6.

[31] *Id*.

[32] *Id*. at 7.

[33] *Id*.

Court exercising jurisdiction because the substantive law governing the proceeding will remain the same.[34] Plaintiff also argues that the fourth *Trejo* factor is neutral because the two proceedings are not truly parallel and so no party would be prejudiced by the Court resolving this action.[35]

Plaintiff contends that the fifth *Trejo* factor weighs in favor of the Court exercising jurisdiction over Plaintiff's declaratory judgment action because the state and federal forums in this case are a mere 0.5 to 0.6 mile walk apart.[36] However, Plaintiff avers that the sixth *Trejo* factor is neutral because Plaintiff is unaware of whether the Court has been fully briefed on the issues presented.[37] Finally, Plaintiff argues that the seventh *Trejo* factor weighs in favor of this Court exercising jurisdiction because this Court "does not need a decree from the pending state court action in order to determine whether [Tot's] material misrepresentation of residency renders [Plaintiff's] insurance contract with [Tot] as invalid."[38] Thus, Plaintiff concludes that this Court should elect to exercise jurisdiction over this action because four of the seven *Trejo* factors weigh in favor of doing so.[39]

Third, Plaintiff argues that its potential liability clearly exceeds $75,000 given Loiarcono's claim for damages in state court based on the value of Loiarcono's vehicle, the injuries he sustained

---

[34] *Id*. at 7–8 (citing *Hanover,* 179 F. Supp. 3d at 674).

[35] *Id*. at 8–9 (citing *Hanover,* 179 F. Supp. 3d at 674).

[36] *Id.* at 9.

[37] *Id.* at 9–10 (citing *Hanover*, 179 F. Supp. 3d at 674).

[38] *Id.* at 10–11.

[39] *Id.* at 11.

from the accident, and the other damages Loiarcono alleges in the State Court Claim.[40] For these reasons, Plaintiff asks the Court to deny the instant motion.[41]

### C.        *Loiarcono's Reply in Further Support of Dismissal*

In reply, Loiarcono argues that, considering the *Trejo* factors, the Court should abstain from hearing this matter even if the amount in controversy requirement is met.[42] Loiarcono contends that the first *Trejo* factor weighs in favor of abstention because the coverage issue can be resolved in the State Court Claim.[43] Loiarcono asserts that, as Plaintiff concedes, the second *Trejo* factor weighs in favor of abstention.[44] Loiarcono avers that the third *Trejo* factor weighs in favor of abstention because Plaintiff is forum shopping by choosing to file a declaratory action in federal court rather than a responsive pleading in state court.[45]

Loiarcono also argues that the fourth *Trejo* factor weighs in favor of abstention because Plaintiff is trying to "avail itself of short deadlines and complex legal procedures that would be daunting and cost prohibitive to the other potential claimants in this matter."[46] Additionally, Loiarcono agrees with Plaintiff that the fifth *Trejo* factor is neutral because neither forum is more convenient than the other.[47] However, Loiarcono contends that the sixth *Trejo* factor weighs in favor of abstention because "there was already an action pending in state court" and "the parties

---

[40] *Id*. at 11–12.

[41] *Id*. at 12.

[42] Rec. Doc. 9 at 1.

[43] *Id*.

[44] *Id*. at 2.

[45] *Id*.

[46] *Id*.

[47] *Id*. at 2–3.

now face . . . a race to file their arguments in their respective forum of preference before the other files in theirs," which is "duplicative and a waste of resources."[48] Finally, Loiarcono asserts that the seventh *Trejo* factor weighs in favor of abstention because coverage under the Policy is already at issue in the State Court Claim, creating "a very real possibility in the near future" that this Court will be in a position of conflict with the state court.[49] Thus, Plaintiff concludes that the Court should abstain from hearing this matter because six of the seven *Trejo* factors weigh in favor of abstention.[50]

### III. Legal Standard

A.  *Subject Matter Jurisdiction Under 28 U.S.C. § 1332*

Title 28, United States Code, Section 1332 confers federal diversity jurisdiction on civil actions where the matter in controversy exceeds $75,000. As the party invoking federal diversity jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction is proper.[51] The Supreme Court has recognized that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith"; to justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[52] But, as the Fifth Circuit has indicated, "the 'legal certainty' test has limited utility—in fact is inapplicable—when the plaintiff has alleged an indeterminate amount of damages."[53] Furthermore, "bare

---

[48] *Id.* at 3.

[49] *Id.*

[50] *Id.*

[51] *St. Paul Reinsurance Co., Ltd. v. Greenberg.* 134 F.3d 1250, 1253 (5th Cir. 1998).

[52] *St. Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S. 283, 288 (1938).

[53] *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253.

allegations" regarding jurisdiction are "insufficient to invest a federal court with jurisdiction."[54]

In cases where the plaintiff does not allege a specific amount of damages, the Fifth Circuit instructs courts to follow the procedures developed in the context of a removal of an action from state to federal court.[55] Under those procedures, "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."[56] The district court "must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[57] If it is not facially apparent, the court may consider "summary judgment-type" evidence to determine the amount in controversy.[58]

The Fifth Circuit has also applied this procedure to declaratory judgment actions filed in federal court.[59] In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented."[60] "In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim— not the face amount of

---

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *See id; see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal.").

[59] *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253–54 ("Although most of our caselaw regarding § 1332's amount in controversy requirement has arisen in the context of removal from state to federal court, we find the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions.").

[60] *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

the policy.'"⁶¹ However, where the declaratory action seeks to void a contract between the parties, the "policy limits are controlling."⁶²

### B.     *Abstention Under the Declaratory Judgment Act*

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201, provides:

> (a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.⁶³

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."⁶⁴ In evaluating whether to maintain jurisdiction over a declaratory judgment action, a federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to [maintain jurisdiction over] the action."⁶⁵

## **IV. Analysis**

Loiarcono argues that this case should be dismissed on two grounds: (1) the amount in controversy does not exceed $75,000; and (2) the Court should abstain from hearing the declaratory judgment action given the State Court Claim. The Court addresses each argument in turn.

---

⁶¹ *Id*. at 911 (quoting 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3710 (3d ed.1998)).

⁶² *Id*.

⁶³ 28 U.S.C. § 2201.

⁶⁴ *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 34 U.S. 237 (1952)).

⁶⁵ *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

A.      *Whether the Court has Subject Matter Jurisdiction Under 28 U.S.C. § 1332*

Loiarcono argues that this case should be dismissed because Plaintiff's potential liability under the Policy for the alleged incident does not exceed the amount in controversy requirement of $75,000 for asserting diversity jurisdiction. Plaintiff argues that the amount in controversy requirement is satisfied because the Policy's limits total $75,000 and the Court must consider potential defense costs and penalties as well. A party asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 must establish that the parties are completely diverse and that the amount in controversy exceeds $75,000.[66] The parties only contest the amount in controversy requirement.[67]

Plaintiff asserts that the amount in controversy is based on the value of the Policy. Loiarcono argues that that the amount in controversy is based on the value of Plaintiff's potential liability under the Policy. In its Declaratory Judgment Complaint, Plaintiff seeks to have the Policy declared void due to Tot's misrepresentations regarding his residency status. In an action for declaratory relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented."[68] The Fifth Circuit has clearly stated that, where a declaratory action seeks to void a contract between the parties, the value of the right to be protected is the limit of the policy.[69] The Policy undisputedly provides coverage to Tot of up to $50,000 per accident for bodily injury and $25,000.00 for property damage for a total of $75,000.[70] Furthermore, in addition to the

---

[66] 28 U.S.C. § 1332(a).

[67] The parties are completely diverse because Plaintiff is a Wisconsin corporation with its principal place of business in Wisconsin, whereas Defendants are all individuals domiciled in Louisiana. *See* Rec. Doc. 1 at 1–2.

[68] *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

[69] *Hartford*, 293 F.3d at 911.

[70] Rec. Doc. 1-2 at 1.

$75,000 value of the Policy, Plaintiff alleges that, if the Policy is not void, Plaintiff "would have a duty to defend [Tot] in the State Court Claim."[71] Given that the Supreme Court has recognized that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," the Court find that requirement is satisfied such that it has original jurisdiction pursuant to 28 U.S.C. § 1332.[72]

### B.  *Whether the Court Should Abstain from Exercising Jurisdiction*

Loiarcono also argues that, even if the amount in controversy requirement is satisfied, the Court should abstain from exercising jurisdiction over this declaratory action given the parallel State Court Claim. Plaintiff argues that the Court should not abstain because four of the seven *Trejo* factors weigh in favor of exercising jurisdiction. In evaluating whether to maintain jurisdiction over a declaratory judgment action pursuant to 28 U.S.C. § 2201, a federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to [maintain jurisdiction over] the action."[73] A court may abstain from exercising jurisdiction if any of these prongs are satisfied.[74] The parties address only the third prong—whether the Court should exercise its discretion to maintain jurisdiction over this declaratory judgment action. However, district

---

[71] Rec. Doc. 1 at 3.

[72] *St. Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S. 283, 288 (1938).

[73] *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

[74] *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994).

courts may address issues regarding the propriety of abstention *sua sponte*.[75] Thus, the Court examines the first two prongs and determines that it lacks authority over this action.

### 1. Whether the Declaratory Action is Justiciable

A declaratory judgment action is justiciable, or "ripe for adjudication only where an 'actual controversy' exists."[76] Generally, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests."[77] A district court must address on a case-by-case basis whether the facts are sufficiently immediate to establish an actual controversy.[78] In a declaratory judgment action, justiciability often turns on ripeness.[79] The purpose of the ripeness doctrine is to avoid "entanglement in abstract disagreements" that are the subject of "premature adjudication."[80] "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"[81]

In this case, the parties dispute whether Plaintiff is obligated to defend and indemnify Tot under the Policy or whether the Policy is void.[82] The case law on justiciability distinguishes

---

[75] *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (noting that district court may raise abstention *sua sponte*).

[76] *Orix*, 212 F.3d at 895 (quoting 28 U.S.C. § 2201(a)).

[77] *Id.* (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

[78] *Id.*

[79] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012).

[80] *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

[81] *New Orleans Public Serv., Inc. v. Counsel of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (quoting *Abbot Labs.*, 387 U.S. at 149).

[82] Rec. Doc. 1 at 7.

between the duty to defend and the duty to indemnify.[83] Louisiana law governs these duties in this case because jurisdiction is based upon diversity of citizenship.[84] A dispute regarding the duty to defend is ripe when the underlying case is filed, making the issue justiciable.[85] However, "[u]nlike the duty to defend, the duty-to-indemnify issue is 'premature and non-justiciable' until the 'underlying issue of liability is resolved and the defendant is cast in judgment.'"[86] Loiarcono indicates, and Plaintiff does not dispute, that the State Court Claim is ongoing.[87] Thus, at this time, Plaintiff's duty to defend claim is justiciable, but its duty to indemnify claim is not.

### 2. Whether the Court has Authority to Grant Relief.

Regardless, the Court finds that it does not have authority to grant relief under the second prong on whether to exercise jurisdiction over a declaratory judgment action. The Fifth Circuit has explained that, "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act."[88] Thus, "a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same

---

[83] *U.S. Fire Ins. Co. v. A-Port, LLC*, No. 14-441, 2015 WL 1416490, at *2 (E.D. La. Mar. 26, 2015).

[84] *See Ace Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839–40 (5th Cir. 2012).

[85] *Columbia Cas. Co. v. Ga. & Fl. RailNet, Inc.*, 532 F.3d 106, 110 (5th Cir. 2008).

[86] *U.S. Fire*, 2015 WL 1416490, at *2 (quoting *New England Ins. Co. v. Barnett*, F. App'x 302, 308 (5th Cir. 2012)).

[87] *See* Rec. Doc. 5-1 at 2 ("As of the date of this filing, Tot and [Plaintiff] had not answered the [State Court Claim] because they are operating under an informal extension of time to respond.").

[88] *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (citing *Tex. Emps. Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988)). The Anti-Injunction Act states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under 28 U.S.C. § 2283."[89] Regarding the first element, the parties do not dispute that the declaratory defendant, Loiarcono, filed the State Court Claim against Plaintiff prior to Plaintiff commencing this action. Thus, this first element is satisfied.

However, the parties dispute whether the State Court Claim involves the same issues as those raised in the Declaratory Judgment Complaint. Plaintiff argues that the State Court Claim "involves issues of fact, fault, and causation," whereas the instant action "involves issues as to whether there is a duty to defend based on the validity of the insurance contract."[90] Loiarcono argues that any coverage issue can be resolved in the State Court Claim and judgment by this Court would prevent the state court from deciding the issues before it.[91] The Court agrees with Loiarcono. Even if the State Court Claim does not assert a claim against Plaintiff to determine specifically whether Plaintiff must provide coverage to Tot, Plaintiff is a party to the State Court Claim and it may be liable under the Policy if it is not void.[92] Thus, given that both actions implicate whether Plaintiff is liable to Loiarcono under the Policy, they are "sufficiently parallel to render a declaration from this Court 'tantamount to' enjoining the state court" regarding Plaintiff's insurance liability.[93] Therefore, the Court finds that the instant action and the State Court Claim involve the same issues of law.

---

[89] *Sherwin-Williams Co.*, 343 F.3d at 401, n. 1.

[90] Rec. Doc. 6 at 6.

[91] Rec. Doc. 9 at 1; Rec. Doc. 5-1 at 7.

[92] *See Bankers Ins. Co. v. Williams*, No. 20-3417, 2021 WL 1517905, at *5 (E.D. La. Apr. 16, 2021) (finding that the Court could not exercise jurisdiction over a complaint seeking a declaratory judgment regarding plaintiff insurer's duty to defend and indemnify an alleged third-party tortfeasor where defendant had sued plaintiff and that third-party in state court).

[93] *Id.* (quoting *Travelers*, 996 F.2d at 776).

The Court also finds that it is prohibited from enjoining the state proceedings under 28 U.S.C. § 2283, the Anti-Injunction Act, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Given that rendering a declaratory judgment would be "tantamount to" enjoining the State Court Claim and the Court is aware of no exception to the Anti-Injunction Act with respect to an insurer's obligation to provide coverage, the Court finds that exercising jurisdiction would violate the statute. Therefore, because Loiarcono previously filed the State Court Claim, the lawsuit also raises the issue of Plaintiff's liability under the Policy, and this Court is prohibited from enjoining the State Court Claim under the Anti-Injunction Act, the Court finds that it lacks authority to issue Plaintiff's requested relief. Thus, the Court must grant the motion to dismiss.[94]

### 3. Whether the Court May Exercise Its Discretion to Abstain

Given that the Court finds that it lacks authority to grant relief in this declaratory judgment action, it need not analyze the *Trejo* factors to determine whether discretionary abstention applies.[95] Nevertheless, the Court notes that it would conclude that discretionary abstention applies because: (1) there is a parallel state court proceeding; (2) Plaintiff appears to have engaged in forum shopping in bringing this suit in federal court after Loiarcono brought the State Court Claim;

---

[94] *See Bankers*, 2021 WL 1517905, at *5.

[95] The *Trejo* factors are as follows:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams Co.*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

16

and (3) litigating the scope of coverage under the Policy would be duplicative of the State Court Claim and so would not serve the purposes of judicial economy. Therefore, discretionary abstention would be appropriate in this case.

## V. Conclusion

The Court finds that, although the amount in controversy requirement for assertion diversity jurisdiction is satisfied, it lacks authority to grant relief in this declaratory judgment action. Furthermore, the duty to indemnify claim is not justiciable and, even if the Court had authority to grant relief, it would exercise its discretion to abstain from this matter. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gino Loiarcono's "Motion to Dismiss for Lack of Subject Matter Jurisdiction"[96] is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  1st  day of November, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[96] Rec. Doc. 5.